UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | |
| K LOUNGE, LLC ) | Case No. 05-01041 |
| ) | (Chapter 11) |
| ) | |
| ) | |
| Debtor ) | |
| ) | |

## NOTICE OF APPEAL

K LOUNGE, LLC (the "Debtor") in the above referenced Chapter 11 case, by and through its undersigned counsel, John D. Burns, Esquire and The Burns LawFirm, LLC, hereby appeals under 28 U.S.C. § 158(a) from the Order Granting Motion By CB 8th Street, LLC For Determination of Rejection of Lease of Non-Residential Real Property Located At 2009 8th Street, NW, Washington DC and Order Directing Surrender of Property (the "Order"), a copy of which is attached hereto as **Exhibit 1** or will be hard filed..

The names of all parties to the Orders appealed from and the names, addresses and phone numbers of their respective attorneys are as follows:

Appellee's Attorney:   Joel Perrell, Esquire
                       Dickstein, Shapiro, Morin & Oshinsky, LLP
                       2101 L Street, NW
                       Washington DC  20037

Appellee:              CB 8th Street, LLC
                       Michael Hughes, Resident Agent
                       CB 8th Street, LLC
                       7820 Penn Western Court, Suite B-1
                       Upper Marlboro, MD 207702

Appellant:             K Lounge, LLC
                       c/o authorized agent
                       John D. Burns, Esquire
                       The Burns LawFirm, LLC

#85

|                      |                              |
|----------------------|------------------------------|
|                      | 6303 Ivy Lane; Suite 102     |
|                      | Greenbelt, MD 20770          |
| Appellant's Attorney: | John D. Burns, Esquire      |
|                      | The Burns LawFirm, LLC       |
|                      | 6303 Ivy Lane; Suite 102     |
|                      | Greenbelt, MD 20770          |

Respectfully Submitted,
------------/S/ John D. Burns---------

John D. Burns, Esquire (#22277)
The Burns LawFirm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland 20770
(301) 441-8780

Counsel for the Debtor

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 11th day of November, 2005, a copy of the foregoing Notice of Appeal was served by first class mail, postage prepaid, or by ECF, upon:

Office of the United States Trustee
115 South Union Street, Ste 210
Alexandria, Virginia 22314

Joel L. Perrell, Jr., Esquire
Dickstein, Shapiro, et al
2101 L Street, NW
Washington DC  20037

CB 8th Street, LLC
Michael Hughes, Resident Agent
CB 8th Street, LLC
7820 Penn Western Court, Suite B-1
Upper Marlboro, MD 207702

---/S/ John D. Burns---------

_____

John D. Burns

Pursuant to an oral decision of November 3, 2005, the order below is signed with the words "AND NOTICE UNDER LBR 9013-1 OF OPPORTUNITY TO OBJECT" stricken from the title of the order. Dated: November 4, 2005.



*/s/ S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | Case No. 05-01041 |
| K LOUNGE, LLC, | * | Chapter 11 |
| Debtor. | * | |
| CB 8TH STREET, LLC, <br> 7810 B-1 Penn Western Ct. <br> Upper Marlboro, MD 20772, | * | |
| Movant, | * | |
| v. | * | |
| K LOUNGE, LLC <br> 2009 8th Street, NW <br> Washington, DC 20011, | * | |
| Respondent. | * | |

### ORDER GRANTING
### MOTION BY CB 8TH STREET, LLC FOR
### DETERMINATION OF REJECTION OF
### LEASE OF NON-RESIDENTIAL REAL PROPERTY
### LOCATED AT 2009 8TH STREET, NW, WASHINGTON, DC
### AND ORDER DIRECTING SURRENDER OF PROPERTY
### AND NOTICE UNDER LBR 9013-1 OF OPPORTUNITY TO OBJECT

Upon consideration of the Motion by CB 8th Street, LLC for Determination of

Rejection of Lease Relating to Real Property Located at 2009 8th Street, NW, Washington, DC

and for Order Directing Debtor to Surrender Property and Notice Under LBR 9013-1 of

DSMDB.1979903.1

Opportunity to Objection (the "Motion"), any response to the Motion, and this Court having found good and sufficient cause to grant the relief requested in the Motion, it is by the United States Bankruptcy Court for the District of Columbia, hereby

    ORDERED, that the Motion is GRANTED; and it is further

    ORDERED, that the Lease (as defined in the Motion) is deemed rejected; and it is further

    ORDERED, that the Debtor shall surrender the Property to CB 8th Street, LLC, as landlord, within five (5) business days after the entry of this Order.

**[End of Order]**

DSMDB.1979903.1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | |
| K LOUNGE, LLC ) | Case No. 05-01041 |
| ) | (Chapter 11) |
| ) | |
| ) | |
| ) | |
| Debtor ) | |
| ) | |

**MOTION FOR STAY PENDING APPEAL ON ORDER DETERMINING REJECTION OF UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY AND REQUIRING SURRENDER OF PREMISES CONTRARY TO LOCAL LAW PURSUANT TO FED. R. BANKR. P. 8005**

K LOUNGE, LLC (the "Debtor" or "K Lounge"), by and through, John D. Burns, Esquire and The Burns LawFirm, LLC, hereby files this Motion For Stay Pending Appeal on Order Determining Rejection of Unexpired Lease of Non-Residential Real Property and Requiring Surrender of Premises Contrary to Local Law Pursuant to Fed. R. Bankr. P. 8005 (the "Motion"), and in support thereof states as follows:

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(a), (b) and 157(b). The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409.

**I.    INTRODUCTION/STANDARD FOR RELIEF:**

2. On July 12, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Reform Act of 1978, as amended (the "Code"). Since the Petition Date, the Debtor has maintained control of its property and affairs as debtor and debtor in possession pursuant to §§ 1107 and 1108 of the Code. The Debtor conducts business as a restaurant and nightclub. No trustee has been appointed in this

case.

3.    The filing of the instant case was prompted by an eviction action by CB 8th Street, LLC ("CB"), ostensibly the Debtor's landlord who was allegedly conducting business as a landlord in the District of Columbia without registration to do so. Since the Petition Date, CB has initiated further litigation against the Debtor, alleging that the Debtor's lease was rejected despite CB's acceptance of rent monies on September 13, 2005, and despite that under the lease agreement, no assumption or rejection is due until 60 days after the appointment of a trustee, which has not occurred in this case. This Court has ruled and found that CB has prevailed on its Motion to Determine Rejection of the Lease and to Compel Surrender of the Premises. The Debtor has filed an appeal, which will be meaningless if this Court or the District Court does not grant a stay pending appeal under Fed. R. Bankr. P. 8005.

4.    Fed. R. Bankr. P. 8005 is not a model of clarity, but it generally provides that this Court may "suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Id. The Court "may condition the relief it grants under this rule on the filing of a bond or other appropriate security." Id.

5.    A stay pending appeal is discretionary. "[O]ne controlling principle is tat the issuance of a stay, like an injunction, should be grounded in the sound discretion of the court. Generally, the party seeking a stay pending appeal must show substantial harm. In unusual cases the applicant should be required to provide a bond to the other party[.]" Norton Bankruptcy Law and Practice 2d Edition p. 560-61 (Thomson West-2004 Edition).

6.    By inference, the standard for obtaining a stay pending appeal is similar to

that for a preliminary injunction in the federal jurisprudence, where the requirements necessary to obtain injunctive relief are well established and require the Court to evaluate:

A) The likelihood of plaintiff's success on the merits;

B) Whether the injunction will save the plaintiff from irreparable harm;

C) Whether the injunction will harm others; and

D) Whether the public interest would be served by the injunction.

In re Baldwin-United Corp,. 57 B.R. 759, 766 (Bankr. S.D. Ohio 1985).

7. Courts within the Fourth Circuit, a sister circuit to this Court, are bound to follow a balancing of hardships or equities approach. See L.J. v. Massinga, 838 F.2d 118 (4th Cir.), cert. den'd, 109 S.Ct. 816 (1988)' Merrill Lynch, Pierce, Fenner & Smith v. Bradley, 756 F.2d 1048 (4th Cir. 1985); Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Love v. Hidalgo, 508 F.Supp. 177 (D. Md. 1981); Federal Leasing, Inc. v. Underwriters at Lloyd's, 487 F. Supp. 1248 (D. Md.), aff'd, 650 F.2d 495 (4th Cir. 1980). The balancing of hardships or equities test is often referred to as the "Blackwelder" test derived from the above cited Fourth Circuit case first clarifying the balancing of harms test:

(A) The likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied;

(B) The likelihood of harm to defendant if the requested relief is granted;

(C) The likelihood that the plaintiff will succeed on the merits; and

(D) The public interest.

Id. at 196.

## II.   ARGUMENT:

***Bond Proposed:***

3

8.     The Debtor herein proposes a bond to be paid at this discretion of this Court to either the Registry of the District Court for the District of Columbia, or to the Registry of the Superior Court for the District of Columbia (where there is already a protective Order permitting such payments) the sum of $26,500.00 per month commencing in December, 2005, with an advance payment upon entry of an Order granting this relief in the amount of $53,000.00 (inclusive of the rent monies that CB already received and accepted in the amount of $26,500.00, which check was sent back to the Debtor on November 7, 2005). This rent payment will establish adequate protection between the parties such that the District Court may review the legal determinations made by this Bankruptcy Court respective to the lease rejection and direction to surrender.

*Harm to the Appellant/Debtor:*

9.     There can be little doubt that the Appellant/Debtor will experience devastating harm if a stay pending appeal is not granted. Simply put, an eviction action will be finalized requiring the Debtor to surrender the premises, putting aside any hope of a plan or plan which lies reasonably within prospect. The entirety of its success in either prevailing upon the Superior Court to determine its lease arrearages or in presenting a viable cure following a timely assumption at any time prior to 60 days following the appointment of a trustee will be irreparably dashed.

*Harm to CB/Appellee:*

10.    There can be little harm, if any, to CB/Appellee. While there is the intangible harm of a slight delay, at no time during the lease rejection proceedings did CB aver that they have a tenant, with a freshly signed lease ready able and willing to take the place of the

Debtor. The Debtor has proposed, as set forth above, a form of bond appropriate to the circumstances that will preserve the status quo between the parties, and indeed profit CB certainly greater than they would realize without the provision of any such bond. There is no harm to a several month delay for CB.

### *Likelihood of Success on the Merits:*

11.   The Debtor avers that it has significant likelihood of success on the merits.

Firstly, there exists a Lease Agreement under which Section 15 of the Amended Lease concerns Bankruptcy generally. It references the "Tenant," who is defined at page one as OG, who by assignment is now the Debtor. It references the "Landlord," who is defined at page one as 2107 Brandywine, LLC, and allegedly by assignment is now CB. It references the "Trustee in Bankruptcy" who is not defined, but who is referenced by necessity to an "appointment." See Amended Lease, at 15(c).

12.   Section 15(c) provides in material part that "[i]f Tenant becomes the subject debtor in a case pending under the Bankruptcy Code, Landlord's right to terminate this Lease under this Paragraph shall be subject to the applicable rights (if any) of the Trustee in Bankruptcy to assume or assign this Lease as then provided for in the Bankruptcy Code. However, the Trustee in Bankruptcy must give to Landlord and Landlord must receive proper written notice of the Trustee's assumption or rejection of this Lease, within sixty (60) days **after the date of the Trustee's appointment**." (Emphasis supplied).

13.   Title 11 provides clear and unmistakable language on the date of "the Trustee's appointment" for the purposes of this Amended Lease. A debtor in possession in a

Chapter 11 case is not "appointed" as a trustee. Section 301 of Title 11 provides in relevant part that "the commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." Section 1107 of the Code provides a debtor in possession with various rights of "a trustee serving in a case under this chapter." However, only Section 1104 and 701 of Title 11 speak to "appointment" of a trustee.

14.     Specifically, in a Chapter 11 case, at any time prior to confirmation of a plan, the court shall "order the appointment of a trustee" for cause. 11 U.S.C. § 1104(a). Likewise, Section 701 of the Code provides for the appointment of an interim trustee before the election of a trustee under Section 702. See 11 U.S.C. § 701. Section 348 of the Code, as it pertains to the effect of conversion purposefully does not reference the "appointment" of a trustee as one of the changes (ie; commencement of the case, order for relief, etc) that is affected by such conversion, thereby demonstrating by silence that the commencement of a case by a debtor in possession is not equivalent to the appointment of a trustee. Perhaps nowhere is the distinction between the commencement of a voluntary case and its concomitant order for relief differentiated from the appointment of a first trustee more apparent than the language of Section 546(a)(1)(B) of the Code, rendering it facially apparent that the term "appointment" as used relative to a trustee means just that, and not the commencement of a case by a debtor.

15.     Secondly, the Lease Agreement contains pre-bankruptcy provisions which on the facts of this case would have made any lease assumption impossible due to the ratios unreasonably imposed in violation of the statute. Specifically,

> [t]he Trustee shall not have the right to assume or assign this Lease unless said Trustee (i) promptly and fully cures all defaults under this Lease, (ii) promptly and fully compensates Landlord for all monetary damages incurred as a result of such default, and (iii) provides to Landlord 'adequate assurance of future performance'

(as defined hereinbelow). Landlord and Tenant hereby *agree in advance* that 'adequate assurance of future performance', as used in this paragraph, shall mean that all of the following minimum criteria must be met: (a) Tenant's gross receipts in the ordinary course of its business during the thirty (30) days' immediately preceding the initiation of this case under the Bankruptcy Code must be at least ten (10) times greater than the next payment of rent due under this Lease, (b) both the average and median of Tenant's monthly gross receipts in the ordinary course of its business during the six (6) months' immediately preceding initiation of this case under the Bankruptcy Code must be at least ten (10) times greater than next payment of monthly rent due under this Lease, (c) Tenant must pay to Landlord all rentals and other sums payable by Tenant hereunder, and (d) the Tenant's business shall be conducted in a first class manner, and that no liquidating sales, auctions or other non-first class business operations shall be conducted on the demised premises, and that the use of the demised premises as stated in this Lease will remain unchanged, and that the assumption or assignment of this Lease will not violate or affect the rights of other lessees in the building. In the event Tenant is unable to: (i) cure its defaults, (ii) reimburse Landlord for its monetary damages, (iii) pay the rents due under this Lease or any other payments required of Tenant under this Lease on time, or (iv) meet the criteria and obligations imposed by (a) through (d) above in this Paragraph 15, the Tenant hereby *agrees in advance* that it has not met its burden to provide adequate assurance of future performance, and this Lease may be terminated by Landlord in accordance with Paragraph 15(B) above.

Amended Lease at paragraph 15(c) (Emphasis supplied).

16.     The burdens which paragraph 15(c) impose upon the Debtor, as successor tenant, are inconsistent with Section 365(b)(1)(A) of the Code, particularly as it pertains to the provision of adequate assurance of future performance. For example, it is readily apparent that the Debtor's business, nor to the Debtor's knowledge that of its successor, could not (and did not) "generate ten (10) times [in gross receipts more] than the next payment of rent due under this Lease" nor would that be true of the requirement that the Debtor's gross receipts on both an average and median basis constitute at least ten (10) times the next monthly rent payment. The monthly reports filed substantially contemporaneous herewith by the Debtor demonstrate total revenues of $69,959.00 for the month of July, 2005, and the contract rent for that month was

$26,500.00. It is readily apparent that these provisions found at paragraph 15(c) were designed to, and if enforced would, make assumption of the Debtor's Amended Lease impossible, putting aside the waiver issue and overpayment issue which have been separately briefed.

17. Bankruptcy Courts are no strangers to "pre-bankruptcy provisions" which attempt to govern parties conduct after a bankruptcy, often to the detriment of unsecured creditors, or the independent right of the Bankruptcy Court to makes its own mind up within a body of controlling law on the provisions of the Bankruptcy Code. A "waiver clause" may be enforced where the Debtor is an "ultra-sophisticated" professional in the area, who is acting with full knowledge of the agreement's effect; but should be generally regarded cautiously because the bankruptcy court is a court of equity. "The protection of the bankruptcy laws is not automatically foreclosed by enforcing a waiver clause, given that the bankruptcy judge always retains the equitable discretion to disregard the clause in a proper case and continue the statutory stay in force." In re Merridale Gardens Limited Partnership, 1996 U.S.. Dist. LEXIS 22042 (D. Md. 1996, Smalkin, USDJ).

18. Finally, the effect of a rejection of a lease under Section 365(g) of Title 11 must be read in harmony not only with Section 365(d)(4) of Title 11, but also local law. A rejection is simply not termination. "[r]ejection of the debtor's executory contract constitutes a breach of the contract." In re Lavigne, 114 F.3d 379, 387 (2d Cir. 1997). "Breach is not termination of contract" Id. Indeed, Section 15(B) further provides that "if this Lease terminates under this Paragraph, Landlord shall have all rights and remedies against Tenant provided in case of default of Tenant in payment of rent." Bankruptcy Courts are appropriately protective of debtor/tenants rights as they concern redemption of leased premises, and even a pre-petition

termination of a lease will not preclude a bankruptcy court from recognizing the debtor's rights to redeem the lease under applicable local law. See, In re Opus Corporation, 89 B.R. 9 (Bankr. D. Md. 1988); In re Shelco, Inc., 109 B.R. 483 (Bankr. D. Del. 1989). Indeed, this Amended Lease is subject in all such respects to the laws of the District of Columbia, which are matters best left to that local forum. Amended Lease Section 26(F). The Bankruptcy Court should abstain such issues to the local forum to preserve comity and avoid usurpation of such local and state laws by overreaching federal authority where no clear intent to preempt exists.

*Public Interest:*

19.     The public interest in this case is perhaps a subtle, but very important concern, wherein an overriding exercise of federal authority, albeit unintentional, can deprive local District of Columbia tenants of their hard earned redemption rights which should be protected and preserved.

20.     The nature of this appeal preserves a District of Columbia business, which employs a number of full and part time employees, who are in the midst of the pre-Christmas season, and for whom a termination would mean significant hardship at this time of year.

WHEREFORE, The Burns LawFirm, LLC respectfully requests that this Court:

(i)   Grant the Motion; and

(ii)  Grant a stay pending appeal with the bond specified by the Debtor approved; and

(iii) Grant such other and further relief as equity and justice may require.

Respectfully Submitted,
------------/S/ John D. Burns---------

John D. Burns, Esquire (#22277)
The Burns LawFirm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland 20770
(301) 441-8780

Counsel for the Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 14th day of November, 2005, a copy of the foregoing Motion, Notice of Opportunity to Object, and proposed form of Order was served by first class mail, postage prepaid, or by ECF, upon:

Office of the United States Trustee
115 South Union Street, Ste 210
Alexandria, Virginia 22314

Joel L. Perrell, Jr., Esquire
Dickstein, Shapiro, et al
2101 L Street, NW
Washington DC  20037

And upon all parties in interest on matrix.

:

---/S/ John D. Burns---------

_____

John D. Burns